IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00961-BNB

DOUGLAS A. GLASER,

    Applicant,

v.

V. EVERETT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Douglas A. Glaser, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Glaser initiated this action by filing *pro se* a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On May 2, 2013, Mr. Glaser filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) ("the Application").  Mr. Glaser is challenging the validity of his convictions in case number 05CR3986 in the Denver District Court.

    The Court must construe the Application and other papers filed by Mr. Glaser liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state remedies.

Mr. Glaser originally was arrested on February 14, 2005, and "the procedural history of [his criminal] case is extraordinarily 'tortured and star-crossed.'" *People v. Glaser*, 250 P.3d 632, 635 (Colo. App. 2010). At the time the case was before the Colorado Court of Appeals in 2010, this procedural history included, "[a]mong other things, eight rescheduled trial dates, two mistrials, three replacements of defense counsel (including one because of a suicide and another because of a mental breakdown mid-trial), one interlocutory appeal by the prosecution, and two petitions to the supreme court by defendant." *Id.* On January 21, 2010, after the trial court dismissed the charges against Mr. Glaser on state and federal constitutional speedy trial grounds, the Colorado Court of Appeals reversed and remanded the case with directions to reinstate the charges. *See id.*

Mr. Glaser was re-arrested in April 2011. He was convicted of securities fraud charges following a trial in January 2012. He was convicted of other charges following trials in June 2012. On August 27, 2012, Mr. Glaser was sentenced in the Denver District Court to a total term of twenty-five years in prison with respect to all of his convictions. Mr. Glaser subsequently filed a direct appeal to the Colorado Court of Appeals, and the parties agree that the direct appeal remains pending in state court. The case number for Mr. Glaser's direct appeal pending before the Colorado Court of Appeals is 12CA1795.

Mr. Glaser asserts the following fifteen claims for relief in the Application contending that his federal constitutional rights have been violated:

1. Inordinate delay with respect to his direct appeal.

2. Denial of a fair trial with respect to the securities fraud counts.

3. Denial of Sixth Amendment right to effective assistance of counsel.

4. Double Jeopardy violation with respect to counts 20-42.

5. Double Jeopardy violation with respect to counts 1-19.

6. Double Jeopardy violation with respect to count 43.

7. Denial of Sixth Amendment right to a speedy trial.

8. Illegal search and seizure in violation of the Fourth Amendment.

9. Denial of due process based on prosecutorial bias and misconduct.

10. Denial of due process based on the prosecution's failure to provide a bill of particulars.

11. Denial of due process based on malicious and vindictive prosecution.

12. Denial of due process based on the reinstatement of charges in February 2007.

13. Insufficient evidence to support convictions on securities fraud counts.

14. Insufficient evidence to support conviction on racketeering count.

15. Cruel and unusual punishment based on the length of the prison sentence imposed and prison classification and placement.

On May 3, 2013, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 23, 2013, Respondents filed a Pre-Answer Response (ECF No. 10) arguing that the Application should be denied without prejudice for failure to exhaust state remedies. On June 6, 2013, Mr. Glaser filed a Pre-Answer Reply (ECF No. 11).

The Court notes initially that Mr. Glaser, within Claim 15, has asserted a claim

under the Eighth Amendment concerning his classification and placement in prison. Those matters are not properly raised in this habeas corpus action and do not entitle Mr. Glaser to habeas corpus relief. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By contrast, an individual in state custody who seeks to challenge the conditions of his or her confinement generally must seek relief in a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). As a result, habeas corpus actions may not be used to challenge prison conditions. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *see also Johnson v. Lappin*, 478 F. App'x 487, 492 (10th Cir. 2012) (stating that an application for a writ of habeas corpus that seeks early release as a remedy for allegedly unconstitutional conditions of confinement would be frivolous); *Cohen Ma v. Hunt*, 372 F. App'x 850, 852 (10th Cir. 2010) (stating the district court "correctly determined that claims regarding conditions of confinement may not be brought in a [habeas corpus] proceeding"). Therefore, the prison classification and placement issues raised by Mr. Glaser within Claim 15 will not be considered in this habeas corpus action. If Mr. Glaser must raise in a separate civil action any claim that his Eighth Amendment rights have been violated as a result of his prison classification and placement.

The Court next will address the issue of exhaustion of state court remedies with respect to Mr. Glaser's habeas corpus claims. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the

applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

In addition, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims

presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

The Court agrees with Respondents that Mr. Glaser has failed to exhaust state remedies.  First, there is no dispute that case number 12CA1795, Mr. Glaser's direct appeal from the judgment of conviction, remains pending in the Colorado Court of Appeals.  As a result, it is clear that Mr. Glaser has not fairly presented any claims to the state courts on direct appeal.

Second, Mr. Glaser fails to demonstrate that he has experienced inexcusable or inordinate delay with respect to the state court direct appeal proceedings following his sentencing in August 2012.  Inexcusable or inordinate delay in state court proceedings may make the state process ineffective to protect a habeas applicant's rights and excuse a failure to exhaust state remedies.  *See Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B).  In the context of a direct criminal appeal, a delay that exceeds two years creates a presumption that the state appellate process is ineffective.  *See id.* at 1556.  However, the facts in a particular case may justify excusing the exhaustion requirement even when the delay is less than two years.  *See id.*

Mr. Glaser argues in Claim 1 that he will have endured inordinate appellate delay by the time his direct appeal concludes.  However, at this time, less than one year has passed since Mr. Glaser filed his direct appeal following his sentencing in August 2012. Mr. Glaser's speculation regarding the length of time it will take to resolve his direct

appeal and his conclusory allegations assigning blame for the anticipated delay are not sufficient to demonstrate the exhaustion requirement should be excused.

Third, the Court is not persuaded by Mr. Glaser's conclusory assertion that he has exhausted state remedies because he "has clearly presented his federal claims to the Colorado Supreme Court on numerous occasions, all of which were denied en banc." (ECF No. 11 at 6.) Because Mr. Glaser was not sentenced until August 2012, the Court finds that he could not have fairly presented to the Colorado Supreme Court in any of the proceedings prior to his sentencing all of the claims he raises in this action challenging the validity of his conviction and sentence. With respect to state court proceedings after his sentencing in August 2012, Mr. Glaser contends he has satisfied the exhaustion requirement by filing a petition in the Colorado Supreme Court pursuant to Rule 21 of the Colorado Rules of Appellate Procedure in September 2012. A copy of that petition is attached to Mr. Glaser's Pre-Answer Reply. (*See* ECF No. 11 at 38 thru ECF No. 11-1.)

The Court finds that the C.A.R. 21 petition Mr. Glaser filed in the Colorado Supreme Court in September 2012 does not satisfy the fair presentation requirement because a "claim . . . presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351 (internal quotation marks and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims

asserted in an original petition for an extraordinary writ. *See* C.A.R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Furthermore, relief under Colorado Appellate Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . ., is available." C.A.R. 21(a)(1). As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).

In conclusion, the Court finds that Mr. Glaser fails to satisfy his burden of showing he has exhausted the available state remedies because he has not fairly presented all of his claims to the Colorado Supreme Court. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) is DENIED and the action is DISMISSED without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  19th  day of      June      , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court